UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Matthew Jones**, | |
| Plaintiff, | Case No. |
| v. | |
| **Contract Callers, Inc.**, | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Matthew Jones** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Contract Callers, Inc.** (Defendant):

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1962o (FDCPA) and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2.     This Court has subject-matter jurisdiction over the FDCPA claims in this action under 15 U.S.C. § 1692k(d), which states that FDCPA actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.     This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising

1

under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

4.     This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Ohio and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Ohio.

5.     Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

6.     Plaintiff is a natural person residing in Toledo, Ohio 43615.

7.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.     In the alternative, Plaintiff is a person granted a cause of action under the FDCPA by 15 U.S.C. § 1692k(a). See e.g., Wenrich v. Robert E. Cole, P.C., 2001 WL 4994, at *3 (December 22, 2000).

9.     Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

10.    Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 501 Greene Street, Third Floor, Suite 302, Augusta, Georgia 30907.

11.    Defendant contracts with clients to contact persons who owe debts to those clients via telephone, the U.S. Mail, and/or the Internet in an attempt to solicit or encourage those persons to remit monies to Defendant or its clients in satisfaction of those debts.

12.    Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13.    Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

2

14.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

15.     Plaintiff has a cellular telephone number.

16.     Plaintiff has only used this phone number as a cellular telephone.

17.     Upon information and belief, Defendant was calling Plaintiff's cellular telephone to collect a debt that was incurred in a transaction primarily for personal, household, or family purposes.

18.     Plaintiff does not own or operate a business or other commercial enterprise and thus cannot owe any business or commercial debts.

19.     Because Plaintiff cannot owe any business or commercial debts, if Plaintiff owes the debt Defendant was attempting to collect from him, the debt must have arisen from a transaction primarily for personal, household, or family purposes.

20.     Beginning in or before June 2017 and continuing through around November 2017, Defendant repeatedly called Plaintiff on his cellular telephone.

21.     During this time Defendant contacted Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

22.     Plaintiff knew that Defendant was using an automated telephone dialing system and/or a prerecorded voice as the calls would start with a noticeable pause or delay before being connected with Defendant's live collectors.

23.     In or around June 2017, Plaintiff told Defendant to stop calling

24.     Defendant heard and acknowledged Plaintiff's instruction to stop calling.

3

25.     Once Defendant was informed that that its calls were unwanted, its continued calls could have served no lawful purpose.

26.     Further, once Defendant was aware Plaintiff wanted it to stop calling, the only purpose further calls could serve would be to harass Plaintiff.

27.     Despite Plaintiff's clear demand to refrain from contacting him, Defendant persisted in calling Plaintiff through in or around November 2017.

28.     In August 2017, Plaintiff sought legal assistance from the undersigned counsel regarding Defendant's calls.

29.     On August 28, 2017, the undersigned's firm sent Defendant a letter of representation informing Defendant that the firm represented Plaintiff, that Defendant should refrain from contacting Plaintiff except through counsel, and that Plaintiff expressly did not consent to receive any calls on his cellular telephone from Defendant.  See Exhibit "A".

30.     The letter of representation was signed by counsel and stated the name and address of the undersigned's firm.

31.     The letter of representation was sent to Defendant via certified mail and signed for no later than September 12, 2017.  See Exhibits "B" and "C".

32.     Despite receiving this letter, Defendant continued to call Plaintiff through in or around November 2017.

33.     Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

34.     Defendant's actions as described herein were taken with the intent to harass, upset and coerce Plaintiff to pay the alleged debt.

35.     The acts and/or omissions of Defendant were intentional and were made absent bona-fide error, lawful right, legal defense, legal justification or legal excuse.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA

36.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

37.     Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

38.     Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

39.     Defendant violated both Sections 1692d and 1692d(5) of the FDCPA when it placed repeated harassing calls to Plaintiff between August 2017 and November 2017 knowing that its calls were unwanted.

## COUNT II
## DEFENDANT VIOLATED § 1692c(a)(2) OF THE FDCPA

40.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

41.     Section 1692c(a)(1) of the FDCPA forbids a debt collector from communicating with a consumer in connection with the collection of any debt if the debt collector knows the

consumer is represented by an attorney with respect to such a debt and has knowledge of the attorney's address unless the attorney does not respond to communications within a reasonable time or consents to direct communications with the consumer.

42.     Defendant violated Section 1692c(a)(2) of the FDCPA when it contacted Plaintiff after knowing he was represented by counsel.


## COUNT III
## DEFENDANT VIOLATED SECTION 1692c(c) OF THE FDCPA

43.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

44.     Section 1692c(c) of the FDCPA forbids a debt collector from communicating with a consumer in connection with the collection of any debt if the consumer has notified the debt collector in writing that the consumer wishes the debt collector to cease further communications with the consumer except to advise the consumer that the collector was terminating further efforts, that the collector or the owner of the debt may invoke specified remedies ordinarily invoked by it or the owner of the debt, or that the collector or the owner of the debt intends to invoke a specified remedy.

45.     Defendant violated Section 1692c(c) of the FDCPA when it contacted him despite Plaintiff's counsel's written demand to cease communications.

## COUNT V
## DEFENDANT VIOLATED THE TCPA

46.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

47.     The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

48.     Defendant initiated repeated calls to Plaintiff's cellular telephone.

49.     Defendant initiated these calls to Plaintiff using an automatic telephone dialing system.

50.     Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent.

51.     Defendant's calls to Plaintiff's cellular telephone were not made for emergency purposes.

52.     Defendant's conduct violated the TCPA by placing repeated calls using an automatic telephone dialing system and/or prerecorded or automated voice to Plaintiff's cellular telephone.

53.     The TCPA provides that where a defendant willfully or knowingly violated the TCPA or regulations prescribed thereunder, the Court may impose treble damages. 47 U.S.C.  § 227(b)(3).

54. When Defendant called Plaintiff from around June 2017 through around November 2017, it knew no later than Plaintiff's first instruction to stop calling that it did not have prior express consent to call Plaintiff.

55. When Defendant called Plaintiff from around June 2017 through around November 2017, it knew that the number it was calling when it called Plaintiff's number was for a cellular telephone.

56. Defendant's violation of the TCPA was therefore either willful or knowing starting no later than the date of Plaintiff's first instruction to stop calling.

57. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above, entitling Plaintiff to injunctive relief and an award of statutory, actual, and treble damages.

**Wherefore**, Plaintiff, **Matthew Jones**, respectfully prays for judgment as follows:

a. All actual damages Plaintiff suffered (as provided in 15 U.S.C. § 1692k(a)(1));

b. Statutory damages of $1,000 for the violation of the FDCPA (as provided under 15 U.S.C. § 1692k(a)(2)(A))

c. All reasonable attorneys' fees, witness fees, court costs, and other litigation costs (as provided under 15 U.S.C. § 1693k(a)(3));

d. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

e.        Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

f.        Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

g.       Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

h.       Any other relief this Honorable Court deems appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

**Please take notice** that Plaintiff, **Matthew Jones**, demands a jury trial in this case.

Respectfully submitted,

Dated: 8/31/18

By: <u>*s/ Amy L. Bennecoff Ginsburg*</u>
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com